[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10153
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00024-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. CHMIELEWSKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 8, 2019)

Before MARTIN, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

After a jury trial, Michael Chmielewski appeals his conviction for attempted enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Chmielewski argues that the district court erred in denying his motion for a judgment of acquittal and that the government failed to present sufficient evidence of his guilt. After review, we affirm Chmielewski's conviction.

## I.    BACKGROUND FACTS

According to the trial evidence, on February 11, 2017, Chmielewski responded to an advertisement placed in the "casual encounters" section of Craigslist. The ad stated that the poster was looking for a "mature man" who would "[l]et me be your little girl." Chmielewski began communicating with the poster, who said her name was Sara and repeatedly told Chmielewski that she was a 14-year-old girl. In reality, Sara was a police detective trained to impersonate minor children on the Internet. The police detective had posted the Craigslist ad as part of an undercover investigation focused on protecting children from enticement and other sex crimes by predators on the Internet.

When Sara said she was 14 years old, Chmielewski responded, "Ok, bye," but then continued to send messages to Sara. Within an hour, Chmielewski had asked Sara "What are you looking to do?" and had confirmed that Sara was 14 years old and not just roleplaying and that she wanted to have sex with older men. Over the next ten hours, Chmielewski and Sara exchanged messages. In the

2

exchanges, Chmielewski discussed sex, asked Sara for pictures (which she sent), told Sara he was going to masturbate and that he wanted her to masturbate, and suggested meeting Sara and taking her somewhere secluded. When Sara asked Chmielewski what he wanted to do first, the conversation lapsed.

In the early morning hours of February 12, 2017, Chmielewski messaged Sara asking if she was still up. When Sara asked why he had stopped talking, Chmielewski explained that he had become nervous because she was young, and he did not want to get in trouble. Chmielewski proposed driving to Sara's house to meet her, but Sara said that she could not meet up that night and that tomorrow would be better. Chmielewski then described sexual acts he wanted to perform on Sara and that he wanted Sara to perform on him.

The next day, the police detective posing as Sara tried several times to initiate a conversation with Chmielewski. Chmielewski finally responded at 10:31 p.m., explaining that he had just got home. Although Chmielewski initially said he was too tired and could not meet, he began asking Sara questions about how and where they could meet. Sara suggested they meet at a store or gas station. Chmielewski agreed to meet Sara at a certain Walgreens and said that he was "leaving now." Sara said she was not "on the pill," and asked if Chmielewski had condoms, and he responded, "Yes." As Chmielewski drove to the store, Sara told Chmielewski to meet her at the ice machine in front of the store.

At various times throughout Chmielewski's communications with Sara, he asked Sara if she really was 14 years old, expressed disbelief that she would want to have sex with older men, explained to her that because she was underage, he could get in trouble or "go to jail," asked Sara if she was a "cop," and suggested to her that "[t]his could be a set up." Despite his concerns, Chmielewski got in his car and drove to the Walgreens. When Chmielewski arrived at the Walgreens and pulled his car in front of the ice machine, he was arrested. In a subsequent search of Chmielewski's car, officers found a condom in the center console.

At trial, Chmielewski testified that when he responded to the Craigslist ad, he was looking for a possible sexual companion and that he believed Sara was an adult who was roleplaying. Chmielewski admitted receiving the first photograph sent by Sara, which showed the torso and legs of a female police officer dressed in athletic clothing, but he said he could not tell how old Sara was simply by looking at the photograph. Chmielewski denied looking at the second photograph, which was of an actual 14-year-old girl who was a police department intern. According to Chmielewski, on the night he sent Sara explicit messages, he had been drinking, which made him bolder, but he always believed he was communicating with an adult. Chmielewski said he felt Sara pressured him into meeting her because of her "relentless contact" and that he began to think something was wrong as he drove to Walgreens.

4

At trial, at Chmielewski's request, and over the government's objection, the district court instructed the jury as to Chmielewski's entrapment defense.

## II.  DISCUSSION

### A.    Standard of Review

On appeal, Chmielewski's sufficiency-of-the-evidence argument is two-fold. Chmielewski contends that at trial: (1) the government failed to present sufficient evidence of his intent to commit the crime; and (2) alternatively, the government failed to prove his predisposition to commit the crime for purposes of defeating his entrapment defense.

Chmielewski's motion for a judgment of acquittal in the district court raised only the first argument and not the second argument.  Accordingly, we review the sufficiency of the evidence of Chmielewski's intent de novo, viewing the evidence in the light most favorable to the government.  See United States v. Rutgerson, 822 F.3d 1223, 1231-32 (11th Cir. 2016).  Under this standard, we will affirm a defendant's conviction if any reasonable fact finder could conclude that the evidence established his guilt beyond a reasonable doubt.  Id.  As to the second argument, however, we review only for plain error whether the government presented sufficient evidence that Chmielewski was predisposed to commit the crime.  See United States v. Thompson, 422 F.3d 1285, 1300 (11th Cir. 2005).  To demonstrate plain error, the defendant must show that: (1) there was error, (2) that

5

was plain, and (3) that affected his substantial rights.  Id.  If all three conditions are met, this Court may exercise its discretion to correct the error, but only if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  Id.

## B.    Sufficiency of the Evidence of Intent

Chmielewski was convicted of attempting to violate 18 U.S.C. § 2422(b). Section 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).  Because Chmielewski was charged with attempt, the government had to prove that: (1) he acted with the specific intent to persuade, induce, entice, or coerce the minor to engage in criminal sexual activity, and (2) he took a substantial step toward the commission of the crime.  See Rutgerson, 822 F.3d at 1232.

As to § 2422(b)'s intent element, the government must prove that the defendant intended to cause the minor to assent to engage in the sexual activity, not that the defendant intended to engage in the sexual activity itself.  United States v. Lee, 603 F.3d 904, 914 (11th Cir. 2010) ("The statute criminalizes an intentional

6

attempt to achieve a <u>mental</u> state—a minor's assent." (quotation marks omitted)). Further, a defendant's concern that the person he intends to have sex with is part of a sting operation supports a relevant inference of guilt because "a relationship with . . . an adult[ ] would not have concerned law enforcement." <u>See</u> <u>id.</u> at 915.

Moreover, when a defendant takes the stand and testifies in his own defense, the jury may disbelieve the testimony, and the defendant's own statements "may be considered as <u>substantive evidence</u> of the defendant's guilt." <u>United States v. Brown</u>, 53 F.3d 312, 314 (11th Cir. 1995). In other words, "when a defendant chooses to testify, he runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true." <u>Id.</u> (quotation marks omitted).

Here, viewing the evidence in the light most favorable to the government, a reasonable jury could find beyond a reasonable doubt that Chmielewski intended to cause a minor to assent to engaging in sexual activity with him. The evidence showed, among other things, that (1) Chmielewski initiated contact with Sara after seeing her ad on Craigslist; (2) continued conversation with her even after she repeatedly told him that she was only 14 years old; (3) asked her questions about sex within one hour of learning her age; (4) engaged in explicit dialogue with her, including describing sexual acts he wanted to perform on her and sexual acts he wanted her to perform on him; and (5) attempted to meet with her for the purpose of having sex with her after acknowledging that he could go to jail for it. A

7

reasonable juror could therefore conclude that Chmielewski had the specific intent to entice a minor.

Although Chmielewski testified that he did not believe Sara actually was a minor and that he thought he was communicating with an adult who was merely engaged in roleplaying, the jury obviously did not believe him. Chmielewski's discredited testimony is substantive evidence that Chmielewski believed Sara was a minor and that he communicated with her to get her to agree to engage in sexual activity with him. See id. In addition, Chmielewski's concerns that he could go to jail because Sara was a minor, that Sara might be a cop, and that her offer to have sex with him might be a "set up" are further evidence of his guilt. See Lee, 603 F.3d at 915.

## C.    Sufficiency of the Evidence of Predisposition

At trial, Chmielewski raised an entrapment defense, and Chmielewski does not challenge the language of the entrapment jury charge. Rather, he contends the government failed to submit sufficient evidence of his predisposition to commit the crime.

"Entrapment is an affirmative defense that requires (1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to commit the crime before the inducement." Rutgerson, 822 F.3d at 1234. The defendant bears the initial burden of production as to the first element, and

assuming the defendant meets his burden, the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime.  See id. at 1234-35.

"Predisposition is a fact-intensive and subjective inquiry, requiring the jury to consider the defendant's readiness and willingness to engage in the charged crime absent any contact with the government's agents."  Id. at 1235.  Rather than create a "fixed list of factors," this Court has "posited several guiding principles" for evaluating an entrapment defense, including, among others things: (1) predisposition may be demonstrated simply by the defendant's readiness to commit the charged crime, (2) a finding of predisposition may be supported by evidence that the defendant had the opportunity to back out of the illegal activity and failed to do so, and (3) the jury's consideration of the defendant's demeanor and credibility is often "a pivotal factor."  Id. (quoting United States v. Brown, 43 F.3d 618, 625 (11th Cir. 1995)).

As to Chmielewski's argument that the evidence was insufficient to prove that he was predisposed to commit the crime, we discern no error, plain or otherwise.  This is so because a reasonable jury could find beyond a reasonable doubt that Chmielewski was predisposed to commit the crime prior to any government inducement.  As previously discussed, Chmielewski made the initial contact with Sara and continued to engage her in conversation after she told him

9

she was 14 years old.  Chmielewski also quickly turned the conversation to sex and was the first person to propose meeting to have sex.  Even after expressing his suspicion that Sara was law enforcement, he did not stop communicating with her or back out, supporting an inference of predisposition.  See Rutgerson, 822 F.3d at 1235; Lee, 603 F.3d at 915.  Finally, Chmielewski chose to testify, and the jury considered his demeanor and his claim that he felt pressured by Sara's relentless messages and clearly rejected it.  See Rutgerson, 822 F.3d at 1235; Brown, 53 F.3d at 314.

In sum, there was sufficient evidence from which a reasonable jury could find that Chmielewski was ready and willing to entice a minor before his contact with Sara and was not entrapped.

**AFFIRMED**.